UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KIM EPPS, | : | |
| As Next Friend To | : | |
| BM | : | |
| 3699 Jay Street, NE Apt. 107 | : | |
| Washington, D.C. 20019 | : | |
| | : | |
| and | : | |
| | : | |
| BM | : | |
| 3699 Jay Street, NE Apt. 107 | : | |
| Washington, D.C. 20019 | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | |
| THE DISTRICT OF COLUMBIA | : | |
| Office of the Attorney General | : | |
| 441 4th Street, N.W. | : | |
| Washington, DC 20001 | : | |
| Serve:  Office of the mayor | : | |
|            Office of the Secretary | : | |
|            Tabatha Braxton | : | |
|            1350 Pennsylvania Avenue, NW | : | |
|            Washington, DC 20004 | : | |
| | : | |
| and | : | |
| | : | |
| METROPOLITAN POLICE OFFICE | : | |
| SHALONDA THOMPKINS | : | |
| Badge # 4353 | : | |
| 415 4th Street, SW | : | |
| Washington, DC 20024 | : | |
| | : | |
| Defendants. | : | |

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant [1] Sergeant Bredet Williams, remove to this Honorable Court the above action from the Superior Court of the District of Columbia (C.A. No. 07-2930), filed on April 25, 2007.

Causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" are removable without regard to the citizenship or residence of the parties.  See 28 U.S.C. § 1441(b).  In paragraphs 1, 5, 15-20, and 48-54, the Complaint raises a federal question by asserting federal constitutional claims under 42 U.S.C. Sections 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.  See attached complaint.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received by undersigned counsel in this matter are attached hereto and incorporated by reference herein.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

    /s/Philip A. Lattimore/s/
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Sec. III

    /s/Nicola N. Grey/s/
NICOLA N. GREY [492150]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626
(202) 727-3625 (fax)
E-mail: nicola.grey@dc.gov

---

[1] Upon information and belief, the District of Columbia may not have been served.  A review of the Superior Court file indicates that no proof of service upon Metropolitan Police Office Sholanda Thompkins has been filed and she has not requested representation.  If and when the Ms. Thompkins is served, she will join in this Notice.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the notice of removal was mailed, postage prepaid, this 19th day of July, 2007, to:

> Khadijah R. Ali, Esq.
> The Law offices of
> Khadijah R. Ali, P.C.
> 216 G Street, NE
> Washington, DC 20002

*/s/Nicola N. Grey/s/*

NICOLA N. GREY
Assistant Attorney General

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIM EPPS,                                          :
As Next Friend To                                 :
BM                                                :
3699 Jay Street, NE Apt. 107                      :
Washington, D.C. 20019                            :
                                                  :
                                                  :
and                                               :
                                                  :
                                                  :
BM                                                :
3699 Jay Street, NE Apt. 107                      :
Washington, D.C. 20019                            :
                                                  :
        Plaintiffs,                               :
                                                  :
                                                  :
        v.                                        :          Civil Action No.
                                                  :
THE DISTRICT OF COLUMBIA                           :
Office of the Attorney General                    :
441 4th Street, N.W.                              :
Washington, DC 20001                              :
Serve:  Office of the mayor                       :
        Office of the Secretary                   :
        Tabatha Braxton                           :
        1350 Pennsylvania Avenue, NW              :
        Washington, DC 20004                      :
                                                  :
and                                               :
                                                  :
METROPOLITAN POLICE OFFICE                         :
SHALONDA THOMPKINS                                 :
Badge # 4353                                       :
415 4th Street, SW                                :
Washington, DC 20024                              :
                                                  :
        Defendants.                               :
_____ :

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant[1] Sergeant Bredet Williams, remove to this Honorable Court the above action from the Superior Court of the District of Columbia (C.A. No. 07-2930), filed on April 25, 2007.

Causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" are removable without regard to the citizenship or residence of the parties. See 28 U.S.C. § 1441(b). In paragraphs 1, 5, 15-20, and 48-54, the Complaint raises a federal question by asserting federal constitutional claims under 42 U.S.C. Sections 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. See attached complaint.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received by undersigned counsel in this matter are attached hereto and incorporated by reference herein.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Sec. III

NICOLA N. GREY [492150]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626
(202) 727-3625 (fax)
E-mail: nicola.grey@dc.gov

---

[1] Upon information and belief, the District of Columbia may not have been served. A review of the Superior Court file indicates that no proof of service upon Metropolitan Police Office Sholanda Thompkins has been filed and she has not requested representation. If and when the Ms. Thompkins is served, she will join in this Notice.

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the notice of removal was mailed, postage prepaid, this 19th

day of July, 2007, to:

> Khadijah R. Ali, Esq.
> The Law offices of
> Khadijah R. Ali, P.C.
> 216 G Street, NE
> Washington, DC 20002

NICOLA N. GREY
Assistant Attorney General

3

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

KIM EPPS,                              *
As Next Friend To                     *
BM̲̅ ̲̅ ̲̅ ̲̅ ̲̅                      *
3699 Jay Street, NE Apt.107           *
WASHINGTON, D.C. 20019                *
                                      *
and                                   *
                                      *
BM̲̅ ̲̅ ̲̅ ̲̅ ̲̅                      *
3699 Jay Street, NE Apt.107           *
WASHINGTON, D.C. 20019                *
                                      *
        Plaintiff's                   *,
v.                                    *
                                      *       Civil Action No: 0002930-07
THE DISTRICT OF COLUMBIA              *
441 4TH Street, N.W.                  *
Washington, DC 20001                  *
Serve: Office of the Mayor            *
        Office of the Secretary       *
and     Talisha Braxton               *
        1350 Pennsylvania Ave, NW     *
        Washington, DC 20004          *
METROPOLITAN POLICE OFFICE            *
SHALONDA THOMPKINS                    *
Badge # 4353                          *
415 4TH Street, SW                    *
Washington, D.C. 20024                *
                                      *
        Defendant.                    *



COMPLAINT

COMES NOW, the plaintiffs, Kim Epps and BM̲̅ ̲̅ ̲̅ ̲̅
Murphy, by and though undersigned counsel and asserts the
following:

Introduction

1.    This is an action brought by the Plaintiffs Kim Epps and B/M ............., for damages and other appropriate relief under the District of Columbia Human Rights Act for violation of the Plaintiff's civil rights by the Defendants and damages sustained for assault and battery, various degrees of negligence, intentional infliction of emotional distress, false imprisonment and false arrest.

### PARTIES

1. Plaintiff, Kim Epps (hereinafter, Ms. Epps) is a resident of the District of Columbia and mother of Plaintiff B/M............. . She resides at 3699 Jay Street, NE, Apt. 107, Washington, D.C. 20019.

2. Plaintiff, B/M-........... . (hereinafter B/M ....) is a 16 year old male resident of the District of Columbia. B/M...... resides at 3699 Jay Street, NE, Apt. 107, Washington, D.C. 20019 along with his mother Ms. Epps.

3. Defendant, District of Columbia is a municipal corporation having the authority to sue and be sued.  The District of Columbia is in charge of supervising and operating the Metropolitan Police Department of the District of Columbia (MPD), and as such, was and is responsible for the supervising and overseeing of MPD's policies and procedures as it relates to the supervision

and training of MPD's employee's.  The District of Columbia through its agents, or its officers, operates under and administers a set of policies, rules, practices and customs involving the arrest and detention of civilians and those in custody, encounters with civilians, as well as the hiring, training and supervision of its corrections officers.  As employer of defendant employees, The District of Columbia is also liable for their conduct under the theory of *respondeat superior.*

4. Officer Tompkins (hereinafter, Def. Thompkins) is a police officer employed by the DC MPD and was acting in her official and individual capacity as an agent, servant or employee of the Defendant District of Columbia, and acting within the scope of his employment at the time of the incidents the subject of this complaint.

### JURISDICTION

5. This Court has jurisdiction over plaintiff's claims of Assault and Battery, Negligence, Negligence Per Se, Negligent Hiring, Training and Supervision, Intentional Infliction of Emotional Distress and Violation of . BM's 4th Amendment rights, False Arrest, and False Imprisonment under the District of Columbia Human Rights Act of 1977, D.C. Code § 21-1401, et seq. (2007) and 42 U.S.C. 1983,  and pursuant to District of Columbia Code

Section 11-921 (a)(6)(1995 Replacement Volume) and personal

jurisdiction over the defendant pursuant to D.C. Code

Section 13-422 and 13-423 (a)(3)(1981 edition).

## FACTS

6. On the morning of April 25, 2004, the plaintiff,

Mr. Murphy. was outside of his apartment complex on his

way to get some ice-cream truck with some of his friends.

7. While walking, Mr. Murphy noticed five police

officers jogging towards him with their guns drawn.

8. One of the officers, Shalonda Thompkins, told Mr.

Murphy to "get down." Mr. Murphy complied and began to lay

down on his stomach.

9. After Mr. Murphy was on the ground, and without

justification Def. Thompkins came up and began to put the

handcuffs on him. While Mr. Murphy was on the ground and

after he was handcuffed, Def Thompkins began to strike,

punch and hit Mr. Murphy in his head with a closed fist,

kneeing him in the back all the while cursing, yelling and

using profanity at him. Mr. Murphy then began crying and

questioning the officers as to what was going on. Neither

Def. Thompkins or the other officers present responded to

Mr. Murphy s pleas.

10. Def. Thompkins then instructed the plaintiff to get up and run. Mr. Murphy, still handcuffed and confused at the request asked "where?" To which Def. Thompkins demanded, "come on run!" Mr. Murphy begin jogging behind Def. Thompkins through the complex court. All the while Mr. Murphy was terrified and crying.

11. At some point Mr. Murphy's aunt heard the commotion outside her window, and when she looked to see what was going on, she saw her nephew surrounded by cops. She shouted from her window, asking Mr. Murphy what was going on?

12. Before Mr. Murphy could respond, Officer Thompkins violently threw Mr. Murphy to the ground and again forced her knee deeply into his back, crushing on his spine. At this point in time, Murphy's aunt left the window and ran down stairs.

13. Witnesses who were standing by, approached the scene and stated to Def. Thompkins that Mr. Murphy wasn't resisting and informed her that he was a good kid and there was no reason to treat him in that manner. Def. Thompkins responded to the witnesses to step back and mind their own business before she arrest them.

14. Thereafter, detectives who were on the scene investigating a situation, took possession of Mr. Murphy,

released from the handcuffs and eventually turned him over to his family.

15.    Thereafter, due to the stress of the situation, Mr. Murphy suffered an anxiety attack and, unable to breath had to be rushed to the hospital.  From that point on and for several months, Mr. Murphy suffered from headaches, panic attacks, erratic sleep patterns and nightmares.

## COUNT I
### [ASSAULT AND BATTERY]
### (DISTRICT OF COLUMBIA, OFFICER SHALONDA THOMPKINS)

15. Plaintiff incorporates all of the allegations contained in paragraphs 1 through 14 of this complaint into this count by reference.

16. The actions of Def. Thompkins, in striking, kneeing, and cursing at plaintiff were unlawful, offensive, and without justification.

17.    The plaintiff Murphy was aware that Officer Thompkins had the present ability to strike, kick and hurt him and this put him in fear of immediate bodily harm.

18. Def. Thompkins' actions in punching Mr. Murphy repeatedly in the head, throwing him to the ground, kneeing him in the back and cursing at him was the proximate cause of Plaintiff's injuries.

19. As a result the plaintiff has suffered panic attacks, nightmares, humiliation, and severe headaches.

20. Def. Thompkins' treatment of the plaintiff, offended his sense of person dignity, and Officer Tompkins knew or should have known that her actions in striking, kicking, and cursing at the Plaintiff was unjustified and unlawful.

21.  As a further direct and proximate result of defendants' unlawful conduct, the Plaintiffs Epps and Murphy incurred medical and legal expenses.

**WHEREFORE**, the plaintiffs, Epps and Murphy, demand judgment against defendants, jointly and severally, in and amount in excess of Five Hindered Thousand Dollars ($500,000.00) compensatory damages and punitive damages in excess of Two Hundred Thousand Dollars ($200,000.00), plus reasonable attorney's fees and costs..

**COUNT II**
**[Negligence, Negligent Failure to Properly**
**Train, Supervise and Hire]**
**(Defendants Thompkins and the District of Columbia)**

22. Plaintiff incorporates all of the allegations contained in paragraphs 1 through 21 of this complaint into this count by reference.

23. On April 25, 2004 assuming that arguendo that Officer Thompkins did have a right to prevent the plaintiff from movement, she had a duty to exercise at the least ordinary care and to use the minimal amount of force necessary to do so.

24. Officer Thompkins breached her duty to exercise ordinary care when she carelessly stuck, kneed, kicked, and cursed the plaintiff, knowing that the plaintiff was a young minor and that her actions were likely to cause him injuries.

25. As a result of Officer Thompkins' failure to use ordinary care and minimum amount of force necessary to accomplish her mission, the plaintiff sustained the injuries described heretofore in this complaint.

26. The District of Columbia is liable for the negligence of Officer Thompkins' pursuant to the doctrine of respondent superior.

27. Defendants District of Columbia had a duty to properly hire, train, supervise its employees regarding arrest, detentions, contacts, communication and the use of force regarding civilians and suspects.

28. The Defendants District of Columbia negligently and recklessly failed to properly train and/or supervise the Defendant Thompkins.

29.    The Defendants District of Columbia were negligent in providing adequate and/or proper training and procedures in facing the circumstances which led to this incident.

30.    Defendant Thompkins was unfit to serve as a police officer. By her actions or lack thereof, Defendant posed an unreasonable risk of harm to those members of the public or the community who would foreseeably come into contact with the subject premises, which Defendant District of Columbia would and should have known.

31.    Defendant District of Columbia's hiring and retaining of this employee as a police officer was the proximate cause of plaintiff's injuries and damages.

32.    Defendants actions or lack thereof caused Plaintiff's injuries and damages.

33.    As a direct and proximate result of the Defendants, its agents and/or employees acts, Plaintiff has suffered and continues to suffer damages including loss of income and benefits of employment, extreme mental and emotional anguish and distress, as well as permanent psychological harm and mental anguish, including fright, shame, humiliation and mortification.

**WHEREFORE**, the plaintiffs Epps and Murphy, demand judgment against defendants jointly and severally, in an

amount in excess of Five hundred Thousand ($500,000.00)

Dollars compensatory damages, punitive damages in excess of

Two Hundred Thousand ($200,000.00) Dollars, plus reasonable

attorney's fees and costs.

### COUNT III
### [Negligence Per Se]
### (Defendant District of Columbia)

34.   Plaintiff incorporates all of the allegations

contained in paragraphs 1 through 33 of this complaint into

this count by reference.

35.   At the time Officer Thompkins struck, kneed, and

cursed the plaintiff, there was a statue in effect, namely

D.C. Code Section 4-176 (1981 ed.), which made it illegal

for police officers to use unnecessary and wanton severity

in arresting or imprisoning any person.   Officer Thompkins

violated the statue by using unnecessary and wanton

severity in striking, kneeing, detaining, and imprisoning

the plaintiff.

36.   As a result of Officer Thompkins' violation of

the statue Officer Thompkins was negligent per se and the

plaintiff suffered the injuries previously mentioned

herein.

37.   The District of Columbia is liable for the

negligent per se actions of Officer Thompkins pursuant to

the doctrine of respondent superior.

**WHEREFORE**, the plaintiffs Epps and Murphy, demand judgment against defendants jointly and severally, in an amount in excess of Five hundred Thousand ($500,000.00) Dollars compensatory damages, punitive damages in excess of Two Hundred Thousand ($200,000.00) Dollars, plus reasonable attorney's fees and costs.

## COUNT IV
### [False Imprisonment and False Arrest]
### (Defendants Bonner, McEluane and District of Columbia)

38.  Plaintiff incorporates all of the allegations contained in paragraphs 1 through 37 of this complaint into this count by reference.

39.  Officer Thompkins wrongfully and illegally struck plaintiff Murphy in the head and kneed him in his back.

40.  Plaintiff Murphy had not committed and was not about to commit any crime at the time that Officer Thompkins arrested him.

41.  Officer Thompkins did not reasonably believe in good faith that the plaintiff has committed or was about to commit a crime when she assaulted, detained and arrested him.

42.  Officer Thompkins' actions in illegally holding detaining, arresting and imprisoning plaintiff Murphy against his will cause him mental suffering, including

fright, shame mortification from the indignity and disgrace resulting from false imprisonment.

43. The defendant municipality, District of Columbia is liable for Officer Thompkins' actions of false imprisonment of plaintiff Murphy pursuant to the doctrine of respondent superior.

**WHEREFORE,** the plaintiffs Epps and Murphy, demand judgment against defendants jointly and severally, in an amount in excess of Five hundred Thousand ($500,000.00) Dollars compensatory damages, punitive damages in excess of Two Hundred Thousand ($200,000.00) Dollars, plus reasonable attorney's fees and costs.

## COUNT V
### [Intentional Infliction of Emotional Distress]
### (Defendant's Thompkins and District of Columbia)

44. Plaintiff incorporates all of the allegations contained in paragraphs 1 through 43 of this complaint into this count by reference.

45. The actions taken by Officer Thompkins against plaintiff Murphy on April 25, 2004 were intentional, reckless, extreme, and outrageous and done with malice.

46. As a direct and proximate result of the intentional, reckless, extreme, and outrageous actions taken by Office Thompkins, Mr. Murphy suffered severe mental and emotional distress pain and suffering and has

been forced to incur medical bills which Ms. Epps has been forced to pay.

47.    The District of Columbia is liable for the intentional infliction of emotional distress upon the plaintiff, caused by Officer Thompkins pursuant to the doctrine of respondent superior.

**WHEREFORE**, the plaintiffs Epps and Murphy, demand judgment against defendants, jointly and severally, in an amount in excess of Five Hundred Thousand $500,000.00) Dollars compensatory damages and punitive damages in an amount in excess of Two Hundred Thousand ($200,000.00) Dollars, plus reasonable attorney's fees and costs.

### COUNT V
**[Deprivation of Civil Rights]**
**(Defendant's Thompkins and District of Columbia)**

48.    Plaintiff    incorporates    by    reference    the paragraphs 1-47 as if fully set forth herein.

49.    The actions of Def. Thompkins were done within the scope and purpose of her employment and were performed knowingly, intentionally and maliciously, by reason of which plaintiffs are entitled to an award of punitive damages. Defendant Thompkins is a duly appointed, employed and acting police officer for the DC MPD who are agents of the District of Columbia.

50.    The Defendant's actions arise under District of Columbia Human Rights at and the United States Constitution, particularly under the provisions of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly Title 42 of the United States Code, § 1983 as well as D.C. Code § 2-14-1 et seq (2007).

51.    Plaintiff Murphy had a right to be free from unwarranted assaults, threats, attacks and the use of excessive force from police officers during an encounter with them in his home. Defendant Thompkins violently attacked and assaulted Plaintiff Murphy without just cause.

52.    Plaintiff Murphy, a juvenile, was thrown to the floor, punched and hit about the head, kneed in the back and ultimately handcuffed. The Defendant Thompkins did not inform Plaintiff of the reasons behind the arrest and detention, and were in fact, unjustified in detaining and making said arrest. This amounted to a violation of Plaintiff Murphy's right to be free from unwarranted arrest and intrusions by the police and illegal detention of Plaintiff without due process of law.

53.    The right of Plaintiff Murphy not to be deprived of life, liberty or property without due process of law, the right to be free from cruel and unusual punishment and

the right to the equal protection of the laws, secured by the D.C. Human Rights Act and the Fourteenth Amendment to the U.S. Constitution were violated by Defendants.

54. As a direct and proximate result of the Defendants, its agents and/or employees acts, Plaintiffs have suffered and continues to suffer damages including loss of income, expenses, extreme mental and emotional anguish and distress.

**WHEREFORE,** the plaintiffs Epps and Murphy, demand judgment against defendants jointly and severally, in an amount in excess of Five Hundred Thousand ($500,000.00) Dollars compensatory damages, punitive damages in excess of Three Hundred Thousand ($300,000.00) Dollars, plus reasonable attorney's fees and costs.

### Jury Demand

Plaintiff demands a trial by jury on each and every count.

Respectfully Submitted,

THE LAW OFFICES OF KHADIJAH R. ALI, P.C.
Khadijah R. Ali Bar#435367
216 G Street, NE
Washington, DC 20002
(202)548-0016

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| KIM EPPS                         110 cd | THE DISTRICT OF COLUMBIA AND SHALONDA THOMPKINS |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   88888 (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   11000 (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDE... |

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Khadijah R. Ali, Esq. [435367
The Law offices of
Khadijah R. Ali, P.C.
216 G Street, NE
Washington, DC 20002
(202)548-0016

Case: 1:07-cv-01290
Assigned To : Kennedy, Henry H.
Assign. Date : 7/19/2007
Description: Civil Rights-Non Employ.

*JURY ACTION*

---

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. *Antitrust* | ○ B. *Personal Injury/ Malpractice* | ○ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Federal Employers Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury ☐ 362 Medical Malpractice ☐ 365 Product Liability ☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act **Social Security:** ☐ 861 HIA ((1395ff)) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) **Other Statutes** ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment. *(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)* | OR | ○ F. *Pro Se General Civil* |
|---|---|---|

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

— O —

| ○ **G.  Habeas Corpus/ 2255** | ○ **H.  Employment Discrimination** | ○ **I.  FOIA/PRIVACY ACT** | ○ **J.  Student Loan** |
|---|---|---|---|
| ⬛ 530 Habeas Corpus-General<br>⬛ 510 Motion/Vacate Sentence | ⬛ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ⬛ 895 Freedom of Information Act<br>⬛ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ⬛ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K.  Labor/ERISA (non-employment)** | ○ **L.  Other Civil Rights (non-employment)** | ○ **M.  Contract** | ○ **N.  Three-Judge Court** |
|---|---|---|---|
| ⬛ 710 Fair Labor Standards Act<br>⬛ 720 Labor/Mgmt. Relations<br>⬛ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>⬛ 740 Labor Railway Act<br>⬛ 790 Other Labor Litigation<br>⬛ 791 Empl. Ret. Inc. Security Act | ⬛ 441 Voting (if not Voting Rights<br>Act)<br>⬛ 443 Housing/Accommodations<br>⬛ 444 Welfare<br>⬛ 440 Other Civil Rights<br>⬛ 445 American w/Disabilities-<br>Employment<br>⬛ 446 Americans w/Disabilities-<br>Other | ⬛ 110 Insurance<br>⬛ 120 Marine<br>⬛ 130 Miller Act<br>⬛ 140 Negotiable Instrument<br>⬛ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>⬛ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>⬛ 160 Stockholder's Suits<br>⬛ 190 Other Contracts<br>⬛ 195 Contract Product Liability<br>⬛ 196 Franchise | ⬛ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI.  CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. 1983m alleged violation of the Fourth Amendment right against unreasonable search and seizure and use of excessive force.

**VII.  REQUESTED IN COMPLAINT** ⬛ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 800,000.00    Check YES only if demanded in complaint  JURY DEMAND:  YES ☒  NO ⬛

**VIII.  RELATED CASE(S) IF ANY** (See instruction)  YES ⬛  NO ☒  If yes, please complete related case form.

DATE  July 19, 2007    SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.