UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KIM EPPS, *et al.*, | : | |
| | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | CV 07-1290 (HHK) |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
|     **Defendant.** | : | |
| _____ | : | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' D.C. HUMAN RIGHTS ACT AND COMMON LAW CLAIMS AGAINST DEFENDANTS

Defendants District of Columbia and Sholanda Tompkins[1] ("Defendants"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby move this Court for an order dismissing the Complaint. In support of this motion, Defendants assert the following:

(1) Plaintiffs failed to serve Defendant Tompkins; and

(2) Plaintiffs' D.C. Human Rights Act ("DCHRA") and common law claims must be dismissed because Plaintiffs failed to satisfy the mandatory notice provision of D.C. Code § 12-309.

A proposed Order also is attached hereto.

Because this is a dispositive motion, no request for Plaintiffs' consent is required under

---

[1] Sholanda Tompkins' name was spelled incorrectly in the Complaint. Ms. Tompkins has not been served with the summons and complaint. The failure to serve Ms. Tompkins requires dismissal of all claims against this Individual.

Local Rule 7(m).

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General,
        Civil Litigation Division
            */s/Phillip A. Lattimore*
        PHILLIP A. LATTIMORE, III [422968]
        Chief, General Litigation Sec. III

            */s/Nicola N. Grey*
        NICOLA N. GREY [492150]
        Assistant Attorney General
        441 Fourth Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6626; (202) 727-6295
        (202) 727-3625 (fax)
        E-mail: nicola.grey@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIM EPPS, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CV-05-238 (JDB)(JMF) |
| : | |
| DISTRICT OF COLUMBIA, : | |
| : | |
| Defendant. : | |
| _____: | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
D.C. HUMAN RIGHTS ACT AND COMMON LAW CLAIMS**

This Court should dismiss Plaintiff's Complaint with prejudice because all claims against Defendant Tompkins must be dismissed because Plaintiff failed to serve Defendant Tompkins with summons and complaint, and Plaintiff's D.C. Human Rights Act ("DCHRA") and common law claims should be dismissed against Defendants because Plaintiff failed to satisfy the mandatory notice provision of D.C. Code § 12-309. Defendants District of Columbia and Sholanda Tompkins ("Defendants"), by and through undersigned counsel, submit this Memorandum of Points and Authorities in support of their Motion.

**I.     PRELIMINARY STATEMENT**

Plaintiff Kim Epps, as Next Friend to B.M., a minor, and B.M., bring this lawsuit against the District of Columbia and Metropolitan Police Officer Sholanda Tompkins for violations of the District of Columbia Human Rights Act ("DCHRA") and Plaintiff's civil rights. Specifically, Plaintiff's have sued Defendants for assault and battery, various degrees of negligence, intentional infliction of emotional distress, false imprisonment and false arrest. *See* Plaintiff's Complaint ("Complaint") at Introduction, p. 1-2, and ¶ 5.

3

Plaintiffs filed their lawsuit on April 25, 2007, in the Superior Court of the District of Columbia. On July 19, 2007, Plaintiffs' Complaint was removed from Superior Court to the United States District Court.

## II.  STATEMENT OF FACTS

In her Complaint, Plaintiffs allege that on April 25, 2005, B.M. was "outside of his apartment complex on his way to get some ice-cream … with some of his friends." Id. ¶ 6. While B.M was walking, he noticed five police officers allegedly jogging toward him with their guns drawn." Id. ¶ 7. Plaintiffs claim that Defendant Tompkins told B.M. to get down and when B.M. complied, Defendant Tompkins handcuffed him. Id. ¶ 8. Plaintiffs also claim that after B.M. was handcuffed, Defendant Tompkins "began to strike, punch and hit B.M. in his head with a closed fist, kneeing him in the back" … "while cursing, yelling and using profanity at him." Id. ¶ 9. Plaintiffs further claim that B.M. "began crying and questioning the officers as to what was going on," and "neither Def. [Tompkins] or the other officers present responded to B.M.'s pleas." Id. Allegedly, while B.M. was crying and terrified, Defendant Tompkins instructed the plaintiff to get up and run, and he began "jogging behind Def. [Tompkins] through the complex court." Id. ¶ 10.

Plaintiffs claim that B.M.'s aunt heard the commotion outside her window and "saw her nephew surrounded by cops," and "she shouted from her window, asking [B.M.] what was going on?" Id. ¶ 11. Plaintiffs allege that "before [B.M.] could respond, Officer [Tompkins] violently threw [him] to the ground and again forced her knee deeply into his back, crushing his spine," and "at this point in time, [B.M.'s] aunt left the window and ran down stairs." Id. ¶ 12.

Plaintiffs claim that witnesses "approached the scene and stated to Def. [Tompkins] that [B.M.] wasn't resisting and informed her that he was a good kid and there was no reason to treat

4

him in that manner. Def. [Tompkins] responded to the witnesses to step back and mind their own business before she arrest[s] them." Id. ¶ 13. Plaintiffs allege that detectives who were on the scene investigating "a situation, took possession of B.M., released [him] from the handcuffs and eventually turned him over to his family." Id. ¶ 14.

### III. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant is therefore entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id*. Rather, the court need not accept inferences drawn by Plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 276 (1994).

Applying this standard, this Court should grant the Defendants' motion to dismiss.

### IV. ARGUMENT

#### A. Plaintiffs' Claims against Defendant Tompkins Must be Dismissed for Failure to Serve Summons and Complaint on This Defendant

Plaintiffs' claims against Defendant Tompkins must be dismissed for failure to serve Summons and Complaint on this Defendant. Fed. R. Civ. P. Rule 4(c)(1), governs service of a Defendant. Rule 4(c)(1) provides that "a summons shall be served together with a copy of the

complaint … within the time allowed" by Rule 4(m).  Rule 4(m) provides in part, "that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time … if the plaintiff shows good cause for the failure."

The law is clear that "[t]he party on whose behalf service is made has the burden of establishing its validity when challenged."  *Light v. Wolf,* 816 F.2d 746, 751 (D.C. Cir. 1987); *Norlock v. City of Garland,* 768 F.2d 654, 656 (D.C. Cir. 1985)("Once the validity of service of process has been contested, the plaintiff 'must bear the burden of establishing its validity.'")(*quoting Aetna Bus. Credit v. Universal Décor,* 635 F.2d 434, 435 (5th Cir. 1981)): *Saez Rivera v. Nissan Mfg. Co.,* 788 F.2d 819, 821 (1st Cir. 1986).  Valid service of processes necessary in order to assert personal jurisdiction over a defendant.  *Mid-Continent Wood Products, Inc. v. Harris,* 936 f.2d 297, 301 (7th Cir. 1991).

Here, Plaintiffs will not be able to establish the validity of any alleged service upon Defendant Tompkins.  Plaintiffs commenced this action on April 25, 2007.  Plaintiffs had up to August 23, 2007, to effectuate service upon Defendant Tompkins.  Plaintiffs, however, failed to serve Defendant Tompkins with the summons and complaint by August 23, 2007, which was 120 days after the commencement of the action.

Since Plaintiffs failed to serve Defendant Tompkins in accordance with Rule 4(c)(1) and 4(m), their Complaint must be dismissed without prejudice.

### B. All Common Law and DCHRA Claims Against the Defendants are Barred Under the Mandatory Notification Requirements of DC. Code § 12-309.[2]

Assuming *arguendo that* this Court does not dismiss Plaintiffs' Complaint against Defendant Tompkins for failure to service, the Defendants are entitled to either a dismissal of this case or an Order granting summary judgment regarding any common law and DCHRA claims because Plaintiffs have failed to satisfy the mandatory notification requirements of D.C. Code § 12-309. Section 12-309 states in pertinent part:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

The requirement of compliance with the time limit specified in § 12-309 is absolute, strict, and unqualified. In *District of Columbia v. Dunmore*, the D.C. Court of Appeals held that § 12-309 must be construed narrowly against claimants, writing:

> Section 12-309 is not, and does not function as, a statute of limitations. Rather, it imposes a notice requirement on everyone with a tort claim against the District of Columbia, and *compliance with its terms is "mandatory as a prerequisite to filing suit against the District*." [citations omitted]

662 A.2d 1356, 1359 (D.C. 1995) (emphasis added). Because it is in derogation of the common law, the section is to be strictly construed. *Washington v. District of Columbia*, 429 A.2d 1362 (D.C. 1981). Thus, compliance with the statutory notice requirement is mandatory. *Hill v. District of Columbia*, 345 A.2d 867 (D.C. 1975). This is so even where a "harsh result" may occur. *Id.* at 869.

---

[2] In an effort to confirm whether or not Plaintiffs satisfied the mandatory notice provisions of § 12-309, undersigned counsel contacted Plaintiffs' counsel prior to filing this motion. Plaintiff's counsel was unavailable and a message was left. To date, Plaintiff's counsel has not returned undersigned counsel's telephone call regarding the § 12-309 issue.

The *Dunmore* court also emphasized that, for purposes of calculating the timeliness of a § 12-309 letter, "the six-month clock begins to run from the moment the plaintiff sustains the injury." *Id.*; *see also DeKine v. District of Columbia*, 422 A.2d 981, 986 (D.C. 1980) (affirming dismissal of action for false arrest where §12-309 letter arrived *one day* late); *Kelton v. District of Columbia*, 413 A.2d 191, 921 (D.C. 1980) ("§ 12-309 starts the clock at the moment 'the injury or damage was sustained'").

In this case, after a diligent search of the District's records, it appears that Plaintiffs did not serve notice regarding his claims on the Mayor pursuant to D.C. Code § 12-309. Prior to filing suit, to comply with the mandatory provision notice of § 12-309, Plaintiffs would have had six months, or approximately 180 days, from the time her son sustained his alleged injury to serve notice upon the Mayor pursuant to § 12-309. In her Complaint, Plaintiffs allege that the incident involving her son took place on April 25, 2004. Therefore, Plaintiffs would have had until October 21, 2004, to serve notice on the Mayor. Here, however, as argued above, it appears Plaintiffs failed to serve § 12-309 notice on the Mayor. Accordingly, because satisfaction of § 12-309 is a prerequisite to filing suit against the District, and because Plaintiffs cannot now cure this defect, the Defendants are entitled to either a dismissal of this case or an Order granting summary judgment as to Plaintiffs' DCHRA and common law claims at this time. *See District of Columbia v. Arnold & Porter,* 756 A.2d 427 (D.C. 2000).

**V.     CONCLUSION**

WHEREFORE, for the foregoing reasons and pursuant to Fed.Civ.P.12 (b)(6), Defendants hereby move this Honorable Court to dismiss all claims as to Defendant Tompkins

and Plaintiff's common law and DCHRA claims as against the Defendants.

                                      Respectfully submitted,

                                      LINDA SINGER
                                      Attorney General for the District of Columbia

                                      GEORGE C. VALENTINE
                                      Deputy Attorney General,
                                      Civil Litigation Division

                                      */s/Phillip A. Lattimore*
                                      PHILLIP A. LATTIMORE, III [422968]
                                      Chief, General Litigation Sec. III

                                      */s/Nicola N. Grey*
                                      NICOLA N. GREY [492150]
                                      Assistant Attorney General
                                      441 Fourth Street, N.W.
                                      Sixth Floor South
                                      Washington, D.C. 20001
                                      (202) 724-6626; (202) 727-6295
                                      (202) 727-3625 (fax)
                                      E-mail: nicola.grey@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KIM EPPS, *et al.*, : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | |
| : CV-05-238 (HHK) | |
| DISTRICT OF COLUMBIA, : | |
| : | |
| **Defendant.** : | |
| _____: | |

**ORDER GRANTING DEFENDANTS DISTRICT OF COLUMBIA**
**AND SHOLANDA TOMPKINS' MOTION TO DISMISS OR IN**
**THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Upon consideration of the District's Motion to Dismiss and any opposition thereto and the facts and law considered, it is this \_\_\_\_ day of _____, 2007,

**HEREBY ORDERED:** that the District's Motion to Dismiss is **GRANTED**.

_____
The Honorable Henry H. Kennedy
United States District Judge


cc:   Nicola N. Grey
      441 4th street, N.W.
      Suite 600 South
      Washington, D.C. 20001

      Khadijah Ali, Esq.
      216 G Street N.E.
      Washington, D.C. 20004