```
                UNITED STATES DISTRCT COURT
                 FOR THE DISTRICT OF COLUMBIA
_____
KIM EPPS, et al                *
                               *
        Plaintiff's,           *
                               *
                               *
                               *   CV 07-1290(HHK)
THE DISTRICT OF COLUMBIA,      *
et al.                         *
                               *
        Defendants.            *
_____ *
```

## MOTION FOR EXTENSION OF TIME IN WHICH TO SERVE DEFENDANT TOMPKINS TIME FOR SERVICE HAVING EXPIRED

COMES NOW Plaintiffs, by and through their attorney, Khadijah R. Ali and respectfully request that this Court extend the time in which to serve Defendant Tompkins. In support of this motion the Appellant represents as follows:

1. On or April 25, 2007, Plaintiffs filed a complaint against alleging violation of the District of Columbia Human Rights Act, civil rights and various state law claims.

2. Shortly thereafter, Plaintiff's counsel retained the services of a private process server to serve the complaint on defendants. Defendant, District of Columbia was served on or about June 20, 2007; however difficulties serving Defendant Tompkins were immediately encountered.

3. Fist, the process server had difficulties locating Ms. Tompkins. After much investigation, it was discovered that Defendant Tompkins was then using a different last name and was assigned to a different District than previously thought. Thereafter, the process server went to the sixth District and made several attempts to serve the Defendant only to be told each time that she was either not at work or that she had called out sick. The Process Server then contacted the Defendant's superior, who indicated that he would assist with making the Defendant available for service once she returned to work. During that time this case had been transferred from Superior Court to this Court. At some point during this time the time for service on Defendant Tompkins had expired.

4. Undersigned counsel informed the process server of the case transfer, and was under the mistaken belief that the Process Server was continuing to effectuate service upon Defendant and had in fact accomplished said service. It was not until Counsel received Defendant's motion to dismiss that it came to her attention that Defendant Tompkins had not been served.

5. Upon speaking to the Process Server it was learned that sometime during the transfer to this court, that the communication between undersigned counsel and the Process

Server was lost or misunderstood. The Process Server indicates that once the case was transferred she was under the mistaken belief that she had to wait for a new court date, and new paperwork from this Court in order to serve the Defendant, and was waiting for that from counsel or the Court before she continued with her efforts of service.

6. Since receiving the motion to dismiss, undersigned counsel was made aware of the situation, has spoken to the process server and instructed her to obtain a new summons from this Court and to serve the Defendant as soon as possible. Efforts are being made to effectuate service on Defendant Tompkins as soon as possible.

7. Consequently, since the lateness of the service is due in large part to Defendant Tompkins unavailability and her unwillingness to make herself readily available to service, the fact that undersigned counsel was not aware of the lack of service, as well as to the confusion that existed during the transfer of this case from Court to Court, counsel submits that the failure to serve Defendant Tompkins in a timely manner or to request an extension of time in which to serve her, was not willful or due to neglect on the part of the Plaintiffs. Said delay was due to honest mistake and legitimate oversight based on miscommunication between the parties.

**WHEREFORE,** for the foregoing reasons, Plaintiffs requests that this Honorable Court grant its Motion for Extension of Time To Serve Defendant Tompkins, Time for Service Having Expired. Plaintiff request that because of the difficulties already encountered with service upon officer Tompkins, that Plaintiff be given 45 days in which to serve Defendant.

                                  Respectfully Submitted,

                                  */s/Khadijah R. Ali*
                                  Khadijah R. Ali Bar#435367
                                  ATTORNEY FOR PLAINTIFFS
                                  216 G Street, NE
                                  Washington, DC 20002
                                  202/548-0016

 

**UNITED STATES DISTRCT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
**KIM EPPS, et al**                              *

|  |  |  |
|---|---|---|
| **Plaintiff's,** | * | |
| | * | |
| | * | |
| | * | |
| | * | CV 07-1290(HHK) |
| **THE DISTRICT OF COLUMBIA,** | * | |
| **et al.** | * | |
| | * | |
| **Defendants.** | * | |
| _____ | * | |

# O R D E R

**Upon** consideration of Plaintiffs' Motion for Extension of Time In Which To Serve Defendant Tompkins, Time for Service Having Expired, and there appearing good cause, it is this _____ day of _____, 2007, **ORDERED** that, Plaintiff's motion be and is hereby **GRANTED**.  It is further **OREDERED** that:

1. That Appellant's time for serving Defendant Tompkins be extended for 45 days from the date of this order.


cc: Khadijah R. Ali, Esq.
    216 G Street, NE
    Washington, D.C. 20002

    Nicola Grey, ACC
    Office of the Attorney General
    441 4th Street, NW
    Washington, DC 20001