```
             UNITED STATES DISTRCT COUR
             FOR THE DISTRICT OF COLUMBIA
_____
KIM EPPS, et al                 *
                                *
         Plaintiff's,           *
                                *
                                *
                                *   CV 07-1290(HHK)
THE DISTRICT OF COLUMBIA,       *
et al.                          *
                                *
         Defendants.            *
_____  *
```

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' HUMAN RIGHTS ACT AND COMMON LAW CLAIMS AGAINST DEFENDANTS

COMES NOW Plaintiffs' and opposes Defendant District of Columbia's (DC) Motion to Dismiss Plaintiffs' Claims against Defendants. In opposition, Plaintiffs state the following:

1. On or about November 2, 2007, Defendant District of Columbia filed a motion requesting that this Court dismiss with prejudice all claims against Defendant Tompkins because she had not been served with summons and complaint within the time required under Fed. R. Civ. Pro. 4(c)(1).

2. Further, Defendant DC has requested that this Court dismiss all Common Law Claims against the Defendants

due to the fact that the Plaintiff had not met the mandatory requirements of DC Code § 12-309.

3. Plaintiff submits that it has not served Defendant Tompkins; however, failure to serve Defendant Tompkins was not due to neglect, but to misunderstanding and confusion between Plaintiff and its process server.

4. Plaintiffs submit that their undersigned counsel believed that Defendant Tompkins had been served and did not realize that she had not been until counsel received, Defendant's motion. Plaintiff submits that through private process server, they made several attempts at service upon Defendant Tompkins, and that each attempt at service was met with a brick wall. First it was discovered that Defendant Tompkins was then using a different last name and was assigned to a different District than previously thought. Once this was learned, the process server went to the sixth District and made several attempts to serve the Defendant only to be told each time that she was either not at work or that she had called out sick. The Process Server then contacted the Defendant's superior, who indicated that he would assist with making the Defendant available for service once she returned to work. This never happened. Further, during that time this case had been transferred from Superior Court to this Court.

5. Undersigned counsel informed the process server of the case transfer, and was under the mistaken belief that the Process Server was continuing to effectuate service upon Defendant and had in fact accomplished said service. It was not until Counsel received Defendant's motion to dismiss that it came to her attention that Defendant Tompkins had not been served.

6. Upon conferring with the Process Server it was discovered that sometime during the transfer to this court, that the communication between undersigned counsel and the Process Server was lost or misunderstood. The Process Server indicates that once the case was transferred she was under the mistaken belief that she had to wait for a new court date, and new paperwork from this Court in order to serve the Defendant, and was waiting for that from counsel or the Court before she continued with her efforts of service.

7. Since receiving the motion to dismiss, undersigned counsel was made aware of the situation, has spoken to the process server and instructed her to obtain a new summons from this Court and to serve the Defendant as soon as possible. In addition, Plaintiffs have filed a motion requesting permission from this Court to allow it to serve Defendant Tompkins despite the fact that time for service

on her has expired. Now that the mistake has been discovered, efforts are currently being made to effectuate service on Defendant Tompkins as soon as possible.

8. Plaintiffs submit that the failure to serve Defendant Tompkins is due in large part to Defendant Tompkins unavailability and her unwillingness to make herself readily available to service. Plaintiff submits, that prior to the expiration of the 120 days and prior to the transfer, Plaintiffs made several attempts to serve Defendant at her place of business, but Plaintiff received very little cooperation from the Defendant Tompkins or her colleagues. Thereafter, the confusion that existed during the transfer of this case from Court to Court created a misunderstanding between undersigned counsel and process server added to the failure to serve Defendant Tompkins in a timely manner or to request an extension of time in which to serve her. Plaintiff submits that this failure was not willful or due to neglect on the part of the Plaintiffs. Said delay was due to honest mistake and legitimate oversight based on miscommunication between the parties.

9. Plaintiffs have submitted a clear, well pled complaint. Each allegation is carefully set out along with the facts that support each allegation in the complaint, and Defendant cannot and does not argue otherwise.

Plaintiff submits that if the allegations in the complaint are proven they would provide a clear basis for recovery. Defendant basis it's motion solely on the fact that Defendant Tompkins has not been served, and although this is correct, based on the aforementioned representations, the pending motion for leave to serve defendant late, the fact that Plaintiff is in the process of attempting service on Defendant Tompkins and the fact that, as the non-moving parties, Plaintiffs should be given favorable consideration based on the well pled allegations of their complaint. Plaintiffs should not be penalized for what, under the circumstances, was a reasonable misunderstanding between counsel and the process server.

10. Second, Defendant argues that the common law claims against the District should be dismissed because Plaintiff did not comply with the 12-309 notice required by statute. Defendant further states that it attempted to contact Plaintiffs' counsel to determine if the 12-309 requirement had been met, but was not responded to by counsel.

11. Plaintiffs submit that they have met the 12-309 requirement. Notice was filed on August 5, 2004. A copy of the letter and proof of service is attached to this motion. Further, Plaintiffs submit that Defendant made no

attempts to contact them regarding its motion to dismiss, in that, at no time did Plaintiff received any phone calls or phone messages left by defense counsel regarding it's motion or the 12-309 notice. Had Plaintiff received such an inquiry it would have provided Defendant with a copy of the filed notice.

**WHEREFORE**, for the foregoing reasons, Plaintiffs requests that this Honorable Court deny Defendant's Motion to Dismiss Plaintiffs D.C. Human Rights Act and Common Law Claims Against Defendants.

Respectfully Submitted,

  /s/Khadijah R. Ali
Khadijah R. Ali Bar#435367
ATTORNEY FOR PLAINTIFFS
216 G Street, NE
Washington, DC 20002
202/548-0016

```
                   UNITED STATES DISTRCT COURT
                   FOR THE DISTRICT OF COLUMBIA
_____
KIM EPPS, et al                *
                               *
          Plaintiff's,         *
                               *
                               *
                               *   CV 07-1290(HHK)
THE DISTRICT OF COLUMBIA,      *
et al.                         *
                               *
          Defendants.          *
_____ *
```

## O R D E R

**Upon** consideration of Defendant's Motion to Dismiss Plaintiffs D.C. Human Rights Act and Common Law Claims Against Defendants, Plaintiffs' Opposition thereto, and there appearing good cause, it is this \_\_\_\_ day of _____, 2007, **ORDERED** that, Plaintiff's motion be and is hereby **DENIED**.


cc: Khadijah R. Ali, Esq.
    216 G Street, NE
    Washington, D.C. 20002

    Nicola Grey, ACC
    Office of the Attorney General
    441 4th Street, NW
    Washington, DC 20001

# THE LAW OFFICES OF KHADIJAH R. ALI

817 Second Street, NE
Washington, DC 20002
Telephone: (202) 548-0016
Facsimile: (202) 548-0372
E-Mail • kralaw1@cs.com

Admitted In:
District of Columbia
Maryland
Pennsylvania

RECEIVED

AUG 0 4 2004

OFFICE OF RISK MANAGEMENT

July 27, 2004

The Honorable Anthony Williams, Mayor
of the District of Columbia
Office of the Mayor
1 Judiciary Square
441 4th Street, NW
Suite 1100
Washington, D.C. 20001

Re: **Notice of Claim -- Excessive Force and Assault and Battery**

The Honorable Mr. Williams:

    Pursuant to D.C. Code Section 12-309, this letter is to provide notice of claim and to advise you that the Law Offices of Khadijah R. Ali has been retained at this time to represent Brandon Murphy. Mr. Murphy's social security number is 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, his date of birth is July 12, 1989 and he currently resides at 3699 Jay Street, NE, Apt 107, Washington, D.C. 20019 with his mother Kim Epps who is bringing this claim on his behalf. Ms. Epps' phone number is (202) 398-5729. Mr. Murphy suffered injury on or about the morning of April 25, 2004 when he was brutally attacked and beaten by Officer Shalonda Thompkins, badge no: 4353, of the Metropolitan Police Department.

    On the morning in question Officer Thompkins encountered Mr. Murphy as he was on his way to the ice cream truck. Officer Thompkins told Mr. Murphy to get on the ground, which he did immediately. Once on the ground, Officer Thompkins handcuffed Mr. Murphy and punched him in the head. As Officer Thompkins began to escort Mr. Murphy towards a group of officers, was unnecessarily scream, cursing and roughing him up. After this, Officer Thompkins slammed Mr. Murphy onto the ground and forcibly put her knee in his back while he was still handcuffed. As a result of this attack, Mr. Murphy had to seek medical attention. The injuries suffered by Mr. Murphy were the result of excessive force and intentional assault and battery by Officer Thompkins of the Metropolitan Police Department. Mr. Murphy has suffered severe emotional stress, panic attacks, and headaches as a result.

As previously stated, this letter is given to provide notice of a possible lawsuit against the District of Columbia, Metropolitan Police Department and their employees, and all who may be so involved.

Sincerely,

Khadijah R. Ali, Esq.
Law Offices of Khadijah R. Ali, Esq.
917 2nd Street, NE
Washington, D.C. 20002

cc: Office of Corporation Counsel
    441 4th Street, 6th Floor
    Washington, D.C. 20001