UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIM EPPS, *et al.*,                          :
                                             :
       Plaintiff,                    :
                                             :
       v.                            :
                                             :          CV 07-1290 (HHK)
DISTRICT OF COLUMBIA, et al.,                :
                                             :
       Defendant.                    :
_____:

## DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR LEAVE TO LATE-FILE ITS ANSWER

Defendant the District of Columbia, by counsel and pursuant to Fed. R. Civ. P. 6 (b)(1), hereby respectfully moves this Court for leave to late-file its Answer to plaintiff's complaint. Plaintiff's position regarding the relief sought in this motion is unknown because the undersigned was unable to reach him on this date. In support of this motion, the District concurrently submits a memorandum of points and authorities, a proposed order, and lodges a copy of its Answer. The District further submits the following:

1.      After Defendant the District of Columbia removed the action to this Court, the District filed a motion to dismiss. At that time, the District was represented by former counsel Nicola Grey.

2.      After this Court denied the District's motion to dismiss, it granted plaintiffs an extension of time to effect service on Defendant Shalonda Thompkins.

3.      On January 18, 2008, the undersigned counsel, new to the Office of the Attorney General, filed his Notice of Substitution of Counsel.

4.     On February 11, 2008, ten months after the filing of their complaint, plaintiffs effected service upon Defendant Shalonda Thompkins and directed that she respond to the complaint by March 3, 2008.

5.     Since the undersigned was not assigned this case until early January, 2008, he was under the mistaken impression that the District had already answered the complaint, and that only Defendant Shalonda Thompkins had yet to respond to the Complaint, as soon as plaintiffs effected service upon her.

6.     This is Defendant the District of Columbia's first request for an extension of time to respond to the Complaint.

7.     The granting of this motion will not interfere with the administration of justice, in that plaintiff has just effectuated service on defendant Shalonda Thompkins.  The undersigned further notes that no LCvR 16.3 conference or proposed discovery plan has been filed yet with the Court.

8.     Since plaintiffs took ten months to effect service upon Ms. Thompkins, until February 11, 2008, they will not be prejudiced by this Court allowing the District to late-file its Answer.

WHEREFORE, for the reasons stated, the District respectfully requests that this Court allow the District to late-file its lodged Answer.

## FED. R. CIV. P. 7(m) CERTIFICATION

The undersigned was unable to contact plaintiff's counsel on this date, via telephone or email, to obtain plaintiff's position regarding the relief sought in this motion.

Dated this 3rd day of March, 2008.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Phillip A. Lattimore, III
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Section III

/s/ Richard A. Latterell
RICHARD A. LATTERELL [502127]
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S074
Washington, D.C. 20001
(202) 724-6626
(202) 727-3625 (fax)
Email:  richard.latterell@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIM EPPS, *et al.*,                          :
                                             :
         Plaintiff,                          :
                                             :
    v.                                       :
                                             :    CV 07-1290 (HHK)
DISTRICT OF COLUMBIA, et al.,                :
                                             :
         Defendant.                          :
_____:

## MEMORANDUM IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR LEAVE TO LATE-FILE ITS ANSWER

Defendant District of Columbia, by counsel and pursuant to Fed. R. Civ. P. 6 (b)(1), respectfully submits this memorandum of points and authorities in support of its motion for leave to late-file its answer.  The District cites the following authorities that support such relief:

1.    Fed. R. Civ. P. 6(b)(1);

2.    The inherent powers of this Court; and

3.    The reasons stated in the Defendant District of Columbia's Motion for Leave to Late-File Its Answer.

WHEREFORE, for the reasons stated, the District respectfully requests that this Court allow it to late-file its lodged Answer to plaintiff's complaint.

Dated this 3rd day of March, 2008.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Phillip A. Lattimore, III
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Section III

/s/ Richard A. Latterell
RICHARD A. LATTERELL [502127]
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S074
Washington, D.C. 20001
(202) 724-6626
(202) 727-3625 (fax)
Email: richard.latterell@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KIM EPPS, *et al.*, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **CV 07-1290 (HHK)** |
| DISTRICT OF COLUMBIA, et al., | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

Upon consideration of the Defendant District of Columbia's Motion for Leave to Late-File Its Answer, plaintiff's opposition, and the record herein, it is hereby, on this ____ day of _____, 2008:

**ORDERED:**  that the motion is hereby **GRANTED** for the reasons set forth therein;

**FURTHER ORDERED** that defendant the District of Columbia's lodged Answer shall be filed with this Court on this date.

**SO ORDERED**  on this ___ day of _____, 2008.


_____
JUDGE, United States District Court
for the District of Columbia

6

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KIM EPPS, *et al.*,  :
                     :

        Plaintiffs,  :

                     :     **Civil No. 07-1290 (HHK)**

     v.  :

The District of Columbia, *et al.*,  :

        Defendants.  :

_____:

## DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT

Defendant the District of Columbia ("Defendant"), by and through undersigned counsel, hereby answers the Complaint in the above-captioned matter.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Defendant states the following in response to the individually numbered paragraphs in the complaint:

### COMPLAINT

1. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 1 of the Complaint.

2. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 2 of the Complaint.

3. To the extent the allegations in paragraph 3 call for a legal conclusion regarding the theory of *respondeat superior*, the Defendants avers that no response is required.  The Defendant lacks sufficient knowledge or

information to either admit or deny the remaining allegations contained in paragraph number 3 of the Complaint.

4.    Defendants admits that Defendant Sholanda Tompkins was a police officer employed by the D.C. Metropolitan Police Department on April 25, 2004, but lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 4 of the Complaint.

5.    Defendants acknowledges the statutes cited in paragraph number 5 of the Complaint but denies that jurisdiction is necessarily conferred thereby.

6.    Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 6 of the Complaint.

7.    Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 7 of the Complaint.

8.    Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 8 of the Complaint.

9.    Defendant denies that Defendant Thompkins committed any alleged unlawful behavior.  Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 9 of the Complaint

10.    Defendant denies that Defendant Thompkins committed any alleged unlawful behavior.  Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 10 of the Complaint.

11. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 11 of the Complaint.

12. Defendant denies that Defendant Thompkins committed any alleged unlawful behavior. Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 12 of the Complaint

13. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 13 of the Complaint.

14. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 14 of the Complaint.

15. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 15 of the Complaint.

## Count 1

15. [sic] The Defendant notes that Plaintiffs have duplicate numbered, as number 15, two paragraphs in their Complaint. Regarding this second paragraph number 15, the Defendant incorporates by reference its responses to the Complaint in paragraphs 1-15, above.

16. Defendant denies that Defendant Thompkins committed any alleged unlawful behavior. Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 16 of the Complaint.

17. Defendant denies that Defendant Thompkins committed any alleged unlawful behavior. Defendant lacks sufficient knowledge or information

3

to either admit or deny the remaining allegations contained in paragraph
number 17 of the Complaint.

18.   Defendant denies that Defendant Thompkins committed any alleged
unlawful behavior.  To the extent the allegations in paragraph 18 call for a
legal conclusion regarding proximate cause, the Defendants aver that no
response is required. Finally, the Defendant lacks sufficient knowledge or
information to either admit or deny the remaining allegations contained in
paragraph number 18 of the Complaint.

19.   Defendant lacks sufficient knowledge or information to either admit or
deny the allegations contained in paragraph number 19 of the Complaint.

20.   Defendant denies that Defendant Thompkins committed any alleged
unlawful behavior.  Defendant lacks sufficient knowledge or information
to either admit or deny the remaining allegations contained in paragraph
number 20 of the Complaint.

21.   Defendant denies that Defendant Thompkins committed any alleged
unlawful behavior.  Defendant lacks sufficient knowledge or information
to either admit or deny the remaining allegations contained in paragraph
number 21 of the Complaint.

### Count II

22.   The Defendant incorporates by reference its responses to the Complaint in
paragraphs 1-21, above.

23.   Defendant denies that Defendant Thompkins committed any alleged
unlawful behavior.  To the extent the allegations in paragraph 23 call for a

legal conclusion regarding Defendant Thompkins' duty of care, the
Defendants aver that no response is required. Finally, the Defendant lacks
sufficient knowledge or information to either admit or deny the remaining
allegations contained in paragraph number 23 of the Complaint.

24.     Defendant denies that Defendant Thompkins committed any alleged
unlawful behavior.  To the extent the allegations in paragraph 24 call for a
legal conclusion regarding a duty of care owed by Defendant Thompkins,
the Defendants aver that no response is required.  Finally, the Defendant
lacks sufficient knowledge or information to either admit or deny the
remaining allegations contained in paragraph number 24 of the Complaint.

25.     Defendant denies that Defendant Thompkins committed any alleged
unlawful behavior.  To the extent the allegations in paragraph 25 call for a
legal conclusion regarding a duty of care owed by Defendant Thompkins,
the Defendants aver that no response is required. Finally, the Defendant
lacks sufficient knowledge or information to either admit or deny the
remaining allegations contained in paragraph number 25 of the Complaint.

26.     Defendant denies that Defendant Thompkins committed any alleged
unlawful behavior.  To the extent the allegations in paragraph 26 call for a
legal conclusion regarding the theories of negligence and *respondeat
superior*, the Defendants aver that no response is required.  Finally, the
Defendant lacks sufficient knowledge or information to either admit or
deny the remaining allegations contained in paragraph number 26 of the
Complaint.

27.    To the extent the allegations in paragraph 27 call for a legal conclusion regarding a duty of care owed by Defendant the District of Columbia, the Defendants aver that no response is required.

28.    Defendant denies that Defendant Thompkins committed any alleged unlawful behavior.  To the extent the allegations in paragraph 28 call for a legal conclusion regarding a duty of care owed by Defendant the District of Columbia, the Defendants aver that no response is required.  Finally, the Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 28 of the Complaint.

29.    Defendant denies that Defendant Thompkins committed any alleged unlawful behavior.  To the extent the allegations in paragraph 29 call for a legal conclusion regarding a duty of care owed by Defendant the District of Columbia, the Defendants aver that no response is required.  Finally, the Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 29 of the Complaint.

30.    Defendant denies that Defendant Thompkins committed any alleged unlawful behavior.  To the extent the allegations in paragraph 30 call for a legal conclusion, the Defendants aver that no response is required.  Finally, the Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 30 of the Complaint.

31.    Defendant denies that Defendant Thompkins committed any alleged unlawful behavior.  To the extent the allegations in paragraph 31 call for a legal conclusion regarding proximate cause, the Defendants aver that no response is required.  Finally, the Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 31 of the Complaint.

32.    Defendant denies that Defendant Thompkins committed any alleged unlawful behavior.  To the extent the allegations in paragraph 32 call for a legal conclusion regarding causation, the Defendants aver that no response is required.  Finally, the Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 32 of the Complaint.

33.    Defendant denies that Defendant Thompkins committed any alleged unlawful behavior.  To the extent the allegations in paragraph 33 call for a legal conclusion, the Defendants aver that no response is required.  Finally, the Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 33 of the Complaint.

### Count III

34.    The Defendant incorporates by reference its responses to the Complaint in paragraphs 1-33, above.

35.    The Defendants acknowledge the statute cited in paragraph 35 but deny that Defendant Thompkins committed any alleged unlawful behavior.  To

the extent the allegations in paragraph 35 call for a legal conclusion, the Defendants aver that no response is required. Finally, the Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 33 of the Complaint.

36.    Defendant denies that Defendant Thompkins committed any alleged unlawful behavior. To the extent the allegations in paragraph 36 call for a legal conclusion, the Defendants aver that no response is required. Finally, the Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 36 of the Complaint.

37.    Defendant denies that Defendant Thompkins committed any alleged unlawful behavior. To the extent the allegations in paragraph 37 call for a legal conclusion, the Defendants aver that no response is required. Finally, the Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 37 of the Complaint.

## Count IV

38.    The Defendant incorporates by reference its responses to the Complaint in paragraphs 1-37, above.

39.    Defendant denies that Defendant Thompkins committed any alleged unlawful behavior. To the extent the allegations in paragraph 39 call for a legal conclusion, the Defendants aver that no response is required. Finally, the Defendant lacks sufficient knowledge or information to either

admit or deny the remaining allegations contained in paragraph number 39 of the Complaint.

40.    Defendant denies that Defendant Thompkins committed any alleged unlawful behavior.  To the extent the allegations in paragraph 40 call for a legal conclusion, the Defendants aver that no response is required. Finally, the Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 40 of the Complaint.

41.    Defendant denies that Defendant Thompkins committed any alleged unlawful behavior.  To the extent the allegations in paragraph 41 call for a legal conclusion, the Defendants aver that no response is required. Finally, the Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 41 of the Complaint.

42.    Defendant denies that Defendant Thompkins committed any alleged unlawful behavior.  To the extent the allegations in paragraph 42 call for a legal conclusion, the Defendants aver that no response is required. Finally, the Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 42 of the Complaint.

43.    Defendant denies that Defendant Thompkins committed any alleged unlawful behavior.  To the extent the allegations in paragraph 43 call for a legal conclusion, the Defendants aver that no response is required.

Finally, the Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 43 of the Complaint.

### Count V

44.  The Defendant incorporates by reference its responses to the Complaint in paragraphs 1-43, above.

45.  Defendant denies that Defendant Thompkins committed any alleged unlawful behavior. To the extent the allegations in paragraph 45 call for a legal conclusion, the Defendants aver that no response is required. Finally, the Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 45 of the Complaint.

46.  Defendant denies that Defendant Thompkins committed any alleged unlawful behavior. To the extent the allegations in paragraph 46 call for a legal conclusion, the Defendants aver that no response is required. Finally, the Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 46 of the Complaint.

47.  Defendant denies that Defendant Thompkins committed any alleged unlawful behavior. To the extent the allegations in paragraph 47 call for a legal conclusion, the Defendants aver that no response is required. Finally, the Defendant lacks sufficient knowledge or information to either

admit or deny the remaining allegations contained in paragraph number 47 of the Complaint.

### Count VI.

48.    The Defendant incorporates by reference its responses to the Complaint in paragraphs 1-47, above.

49.    Defendant denies that Defendant Thompkins committed any alleged unlawful behavior.  To the extent the allegations in paragraph 49 call for a legal conclusion, the Defendants aver that no response is required.  Finally, the Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 49 of the Complaint.

50.    Defendant denies that Defendant Thompkins committed any alleged unlawful behavior.  To the extent the allegations in paragraph 50 call for a legal conclusion, the Defendants aver that no response is required.  Finally, the Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 50 of the Complaint.

51.    Defendant denies that Defendant Thompkins committed any alleged unlawful behavior.  To the extent the allegations in paragraph 51 call for a legal conclusion, the Defendants aver that no response is required.  Finally, the Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 51 of the Complaint.

52.    Defendant denies that Defendant Thompkins committed any alleged unlawful behavior. To the extent the allegations in paragraph 52 call for a legal conclusion, the Defendants aver that no response is required. Finally, the Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 52 of the Complaint.

53.    Defendant denies that Defendant Thompkins committed any alleged unlawful behavior. To the extent the allegations in paragraph 53 call for a legal conclusion, the Defendants aver that no response is required. Finally, the Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 53 of the Complaint.

54.    Defendant denies that Defendant Thompkins committed any alleged unlawful behavior. To the extent the allegations in paragraph 54 call for a legal conclusion, the Defendants aver that no response is required. Finally, the Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 54 of the Complaint.

## **THIRD DEFENSE**

Plaintiffs may have failed to exhaust their administrative remedies, including filing appropriate grievances, and/or failed to comply with other mandatory filing requirements.

## FOURTH DEFENSE

Plaintiffs might have failed to comply with the mandatory notice provisions of D.C. Official Code § 12-309.

## FIFTH DEFENSE

The statute of limitations may bar plaintiffs' claims, and/or plaintiffs' claims may be barred by *res judicata*, claim or issue preclusion.

## SIXTH DEFENSE

If Plaintiffs were injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from plaintiffs' own willful conduct.

## SEVENTH DEFENSE

If Plaintiffs were injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from a third party not employed or otherwise associated with the District, or by an employee not acting within the scope of his/her employment.

## EIGHTH DEFENSE

All actions taken by Defendants relating to Plaintiffs were necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-discriminatory, and/or non-retaliatory reasons.

## NINTH DEFENSE

Plaintiffs have failed to mitigate any damages that he may have incurred.

## **TENTH DEFENSE**

The District asserts a set-off for all funds and services provided to the plaintiff

through Medicare, Medicaid, public assistance, or other sources.

### **Jury Demand**

Defendants request a trial by jury.

The Defendants reserves the right to amend their Answer pursuant to Sup. Ct.

Civ. R. 15.

WHEREFORE, having fully answered, Defendants urges the Court to dismiss the

Complaint with prejudice and award costs and attorney's fees to the Defendants.

Dated this 3rd day of March, 2008.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General, District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

/s/ Phillip A. Lattimore, III
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Sec. III

/s/ Richard A. Latterell
Richard A. Latterell  (Bar No. 502127)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S074
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email: richard.latterell@dc.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Answer to Plaintiffs' Complaint was

sent, via electronic service, this 3rd day of March, 2008 to the following:

Khadijah R. Ali
THE LAW OFFICES OF KHADIJAH R. ALI, P.C.
216 G Street, N.E.
Washington, D.C. 20002
(202) 548-0016

/s/ Richard A. Latterell
RICHARD A. LATTERELL
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 3rd day of March, 2008, copies of the foregoing (1) Defendant District of Columbia's Motion for Leave to Late-File Its Answer; (2) Memorandum in Support; (3) Proposed Order; and (4) Lodged Answer were served electronically, via the Court's CM/ECF filing system, to the following:

    Khadijah Ali, Esq.
    216 G Street N.E.
    Washington, D.C. 20004

                                          */s/ Richard A. Latterell*
                                          Richard A. Latterell
                                          Assistant Attorney General

7