**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KIM EPPS**, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | Civil No. 07-1290 (HHK) |
| v. : | |
| : | |
| The District of Columbia, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

**DEFENDANT SHALONDA THOMPKINS' ANSWER TO THE COMPLAINT**

Defendant Shalonda Thompkins ("Defendant"), by and through undersigned counsel, hereby answers the Complaint in the above-captioned matter.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Defendant states the following in response to the individually numbered paragraphs in the complaint:

**COMPLAINT**

**Parties**

1.  [sic] The Defendant notes that Plaintiffs have duplicate numbers, as number 1, two paragraphs in their Complaint. Regarding this first paragraph number 1, the Defendant avers that the allegations asserted in paragraph 1 are legal conclusions to which no response is required. To the extent that paragraph 1 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

1

1. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 1 of the Complaint.

2. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 2 of the Complaint.

3. Defendant admits that the District of Columbia is a municipal corporation, capable of being sued. The Defendant further admits that the Metropolitan Police Department ("MPD" operates under the supervision of the District. To the extent the allegations in paragraph 3 call for a legal conclusion regarding the theory of *respondeat superior*, the Defendant avers that no response is required.

4. Defendant admits that Officer Thompkins was a police officer employed by the D.C. Metropolitan Police Department on April 25, 2004. Defendant avers that the remaining allegations asserted in paragraph 4 are legal conclusions to which no response is required. To the extent that paragraph 4 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

## Jurisdiction

5. Defendant acknowledges the statutes cited in paragraph number 5 of the Complaint but denies that jurisdiction is necessarily conferred thereby.

6. The allegations asserted in paragraph 6 are legal conclusions to which no response is required. To the extent that paragraph 6 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

7. The allegations asserted in paragraph 7 are legal conclusions to which no response is required. To the extent that paragraph 7 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

8. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 8 of the Complaint.

9. Defendant denies that she committed any alleged unlawful behavior. The allegations asserted in paragraph 9 are legal conclusions to which no response is required. To the extent that paragraph 9 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

10. Defendant denies that she committed any alleged unlawful behavior. The allegations asserted in paragraph 10 are legal conclusions to which no response is required. To the extent that paragraph 10 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

11. The allegations asserted in paragraph 11 are legal conclusions to which no response is required. To the extent that paragraph 11 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

12. Defendant denies that she committed any alleged unlawful behavior. The allegations asserted in paragraph 12 are legal conclusions to which no response is required. To the extent that paragraph 12 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

13. The allegations asserted in paragraph 13 are legal conclusions to which no response is required. To the extent that paragraph 13 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

14. The allegations asserted in paragraph 14 are legal conclusions to which no response is required. To the extent that paragraph 14 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

15.     The allegations asserted in paragraph 15 are legal conclusions to which no response is required.  To the extent that paragraph 15 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

### Count 1: Assault and Battery

15.     [sic] The Defendant notes that Plaintiffs have duplicate numbers, as number 15, two paragraphs in their Complaint.  Regarding this second paragraph number 15, the Defendant incorporates by reference its responses to the Complaint in paragraphs 1-15, above.

16.     Defendant denies that she committed any alleged unlawful behavior.  The allegations asserted in paragraph 16 are legal conclusions to which no response is required.  To the extent that paragraph 16 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

17.     Defendant denies that she committed any alleged unlawful behavior.  Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 17 of the Complaint.

18.     Defendant denies that she committed any alleged unlawful behavior.  To the extent the allegations in paragraph 18 call for a legal conclusion regarding proximate cause, the Defendants aver that no response is required. Finally, the allegations asserted in paragraph 18 are legal conclusions to which no response is required.  To the extent that paragraph 18 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

19. The allegations asserted in paragraph 19 are legal conclusions to which no response is required. To the extent that paragraph 19 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

20. Defendant denies that she committed any alleged unlawful behavior. The allegations asserted in paragraph 20 are legal conclusions to which no response is required. To the extent that paragraph 20 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

21. Defendant denies that she committed any alleged unlawful behavior. The allegations asserted in paragraph 21 are legal conclusions to which no response is required. To the extent that paragraph 21 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

### **Count II: Negligence**

22. The Defendant incorporates by reference her responses to the Complaint in paragraphs 1-21, above.

23. Defendant denies that she committed any alleged unlawful behavior. To the extent the allegations in paragraph 23 call for a legal conclusion regarding her duty of care, the Defendants avers that no response is required. Finally, the allegations asserted in paragraph 23 are legal conclusions to which no response is required. To the extent that paragraph 23 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

24. Defendant denies that she committed any alleged unlawful behavior. To the extent the allegations in paragraph 24 call for a legal conclusion regarding a duty of care, the Defendant avers that no response is required. Finally, the allegations asserted in

paragraph 24 are legal conclusions to which no response is required. To the extent that paragraph 24 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

25. Defendant denies that she committed any alleged unlawful behavior. To the extent the allegations in paragraph 25 call for a legal conclusion regarding a duty of care, the Defendants aver that no response is required. Finally, the allegations asserted in paragraph 25 are legal conclusions to which no response is required. To the extent that paragraph 25 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

26. Defendant denies that she committed any alleged unlawful behavior. To the extent the allegations in paragraph 26 call for a legal conclusion regarding the theories of negligence and *respondeat superior*, the Defendant avers that no response is required. Finally, the allegations asserted in paragraph 26 are legal conclusions to which no response is required. To the extent that paragraph 26 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

27. The allegations asserted in paragraph 27 are legal conclusions to which no response is required. To the extent that paragraph 27 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

28. The allegations asserted in paragraph 28 are legal conclusions to which no response is required. To the extent that paragraph 28 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

29. The allegations asserted in paragraph 29 are legal conclusions to which no response is required. To the extent that paragraph 29 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

30. The allegations asserted in paragraph 30 are legal conclusions to which no response is required. To the extent that paragraph 30 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

31. The allegations asserted in paragraph 31 are legal conclusions to which no response is required. To the extent that paragraph 31 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

32. The allegations asserted in paragraph 32 are legal conclusions to which no response is required. To the extent that paragraph 32 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

33. The allegations asserted in paragraph 33 are legal conclusions to which no response is required. To the extent that paragraph 33 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

### Count III: Negligence per se

34. The Defendant incorporates by reference her responses to the Complaint in paragraphs 1-33, above.

35. Defendant the District of Columbia acknowledges the statute cited in paragraph 35 but denies that Defendant Thompkins committed any alleged unlawful behavior. To the extent the allegations in paragraph 35 call for a legal conclusion, the District avers that no response is required. Finally, the District lacks sufficient

knowledge or information to either admit or deny the remaining allegations contained in paragraph number 33 of the Complaint.

36.    Defendant the District of Columbia denies that Defendant Thompkins committed any alleged unlawful behavior. To the extent the allegations in paragraph 36 call for a legal conclusion, the District avers that no response is required. Finally, the District lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 36 of the Complaint.

37.    Defendant the District of Columbia denies that Defendant Thompkins committed any alleged unlawful behavior. To the extent the allegations in paragraph 37 call for a legal conclusion, the District avers that no response is required. Finally, the District lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 37 of the Complaint.

### Count IV: False Imprisonment/Arrest

38.    The Defendant incorporates by reference her responses to the Complaint in paragraphs 1-37, above.

39.    Defendant the District of Columbia denies that Defendant Thompkins committed any alleged unlawful behavior. To the extent the allegations in paragraph 39 call for a legal conclusion, the District avers that no response is required. Finally, the District lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 39 of the Complaint.

40.    Defendant the District of Columbia denies that Defendant Thompkins committed any alleged unlawful behavior. To the extent the allegations in paragraph 40 call for a legal conclusion, the District avers that no response is required. Finally, the

District lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 40 of the Complaint.

41. Defendant the District of Columbia denies that Defendant Thompkins committed any alleged unlawful behavior. To the extent the allegations in paragraph 41 call for a legal conclusion, the District avers that no response is required. Finally, the District lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 41 of the Complaint.

42. Defendant the District of Columbia denies that Defendant Thompkins committed any alleged unlawful behavior. To the extent the allegations in paragraph 42 call for a legal conclusion, the District avers that no response is required. Finally, the District lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 42 of the Complaint.

43. Defendant the District of Columbia denies that Defendant Thompkins committed any alleged unlawful behavior. To the extent the allegations in paragraph 43 call for a legal conclusion, the District avers that no response is required. Finally, the District lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 43 of the Complaint.

### **Count V: IIED**

44. The Defendant incorporates by reference her responses to the Complaint in paragraphs 1-43, above.

45. Defendant denies that she committed any alleged unlawful behavior. The allegations asserted in paragraph 45 are legal conclusions to which no response is required.

To the extent that paragraph 45 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

46. Defendant denies that she committed any alleged unlawful behavior. The allegations asserted in paragraph 46 are legal conclusions to which no response is required. To the extent that paragraph 46 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

47. Defendant denies that she committed any alleged unlawful behavior. The allegations asserted in paragraph 47 are legal conclusions to which no response is required. To the extent that paragraph 47 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

## Count VI: Deprivation of Civil Rights

48. The Defendant incorporates by reference her responses to the Complaint in paragraphs 1-47, above.

49. Defendant denies that she committed any alleged unlawful behavior. The allegations asserted in paragraph 49 are legal conclusions to which no response is required. To the extent that paragraph 49 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

50. The Defendant acknowledges the statutes cited in paragraph 50 of the Complaint but denies that jurisdiction is necessarily conferred thereby. Defendant further denies that she committed any alleged unlawful behavior. The allegations asserted in paragraph 50 are legal conclusions to which no response is required. To the extent that paragraph 50 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

51. Defendant denies that she committed any alleged unlawful behavior. The allegations asserted in paragraph 51 are legal conclusions to which no response is required. To the extent that paragraph 51 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

52. Defendant denies that she committed any alleged unlawful behavior. The allegations asserted in paragraph 52 are legal conclusions to which no response is required. To the extent that paragraph 52 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

53. Defendant denies that she committed any alleged unlawful behavior. The allegations asserted in paragraph 53 are legal conclusions to which no response is required. To the extent that paragraph 53 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

54. Defendant denies that she committed any alleged unlawful behavior. The allegations asserted in paragraph 54 are legal conclusions to which no response is required. To the extent that paragraph 54 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

**THIRD DEFENSE**

Plaintiffs may have failed to exhaust their administrative remedies, including filing appropriate grievances, and/or failed to comply with other mandatory filing requirements.

## FOURTH DEFENSE

Plaintiffs might have failed to comply with the mandatory notice provisions of D.C. Official Code § 12-309.

## FIFTH DEFENSE

The statute of limitations may bar plaintiffs' claims, and/or plaintiffs' claims may be barred by *res judicata*, claim or issue preclusion.

## SIXTH DEFENSE

If Plaintiffs were injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from plaintiffs' own willful conduct.

## SEVENTH DEFENSE

If Plaintiffs were injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from a third party not employed or otherwise associated with the District, or by an employee not acting within the scope of his/her employment.

## EIGHTH DEFENSE

All actions taken by Defendant relating to Plaintiffs were necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-discriminatory, and/or non-retaliatory reasons.

## NINTH DEFENSE

Plaintiffs have failed to mitigate any damages that he may have incurred.

**TENTH DEFENSE**

The District of Columbia asserts a set-off for all funds and services provided to the plaintiff through Medicare, Medicaid, public assistance, or other sources.

**ELEVENTH DEFENSE**

This action may be barred by the doctrine of unclean hands.

**TWELFTH DEFENSE**

The Defendant asserts immunity and absence of bad faith.

**THIRTEENTH DEFENSE**

The District asserts the defenses of laches, waiver, and estoppel.

**FOURTEENTH DEFENSE**

The Complaint might not have been filed in a timely fashion.

**FIFTEENTH DEFENSE**

All allegations not specifically admitted are denied.

**SIXTEENTH DEFENSE**

The Defendant, at all relevant times herein, acted consistently with relevant and applicable laws, rules, regulations, constitutional provisions, and standards of care.

**SEVENTEENTH DEFENSE**

The Defendant reserves the right to assert any and all defenses which are supported by the facts learned through discovery or at trial herein.

**EIGHTEENTH DEFENSE**

The actions of the District and all employees, officials, servants, and agents of the District of Columbia were, at all times relevant to this action, reasonable, in good faith, and in full compliance with the law.

## NINETEENTH DEFENSE

The local law claims are barred by the District of Columbia's discretionary function immunity.

## TWENTIETH DEFENSE

Plaintiffs have failed to plead facts sufficient to support the exercise of the Court's equitable jurisdiction.

## TWENTY-FIRST DEFENSE

The Defendant states that it asserts these affirmative defenses based upon information presently available and in order to avoid waiver.  The Defendant reserves the right to withdraw any of these affirmative defenses or to assert additional affirmative defenses as further information becomes available.

## JURY DEMAND

Defendant requests a trial by jury.

The Defendant reserves her right to amend her Answer pursuant to Sup. Ct. Civ. R. 15.

WHEREFORE, having fully answered, Defendant urges the Court to dismiss the Complaint with prejudice and award costs and attorney's fees to the Defendants.

Dated this 17th day of March, 2008.

    Respectfully submitted,

    PETER J. NICKLES
    Interim Attorney General, District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General,
    Civil Litigation Division

    */s/ Toni M. Jackson*

TONI M. JACKSON
Interim Chief, General Litigation Sec. III

*/s/ Richard A. Latterell*
Richard A. Latterell  (Bar No. 502127)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S074
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email: richard.latterell@dc.gov

15

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer to Plaintiffs' Complaint was sent, via electronic service, this 17th day of March, 2008 to the following:

Khadijah R. Ali
THE LAW OFFICES OF KHADIJAH R. ALI, P.C.
216 G Street, N.E.
Washington, D.C. 20002
(202) 548-0016

                                              */s/ Richard A. Latterell*
                                              RICHARD A. LATTERELL
                                              Assistant Attorney General