**UNITED STATES DISTRICT COURT FOR**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **KIM EPPS,** | * | |
| **As Next Friend To** | * | |
| **BM, et al.** | * | |
|       **Plaintiffs,** | * | |
| **v.** | * | |
| | * | **Civil Action:07-001290(HHK)** |
| **THE DISTRICT OF COLUMBIA,** | * | |
| **et al.** | * | |
| | * | |
|       **Defendants.** | * | |

**JOINT RULE 16.3(a) STATEMENT**

COMES NOW, the parties, by and though undersigned counsel and provides their

Joint Rule 16.3(a) Statement pursuant to Local Rules of Civil Procedure. The Parties

provide as follows:

1)     Whether the case is likely to be disposed of by dispositive motion; and
whether, if a dispositive motion has already been filed:

The parties agree that if it is possible the case could be decided by dispositive

motion. Defendants' motion to dismiss was denied by this Court on December 7, 2007.

Defendants anticipate that they will file a further dispositive motion after the close of

discovery.

(2)     The date by which any other parties shall be joined or the pleadings
amended, and whether some or all the factual and legal issues can be agreed upon or
narrowed:

The parties agree that joinder of additional parties and/or amendment of the

pleadings shall take place no later than May 26, 2007. The parties agree that certain

factual and legal issues may be able to be agreed upon or narrowed throughout the

discovery process and following its conclusion.

(3)      Whether the case should be assigned to a magistrate judge for all purposes, including a trial:

Plaintiffs do not object to assignment of a magistrate Judge.  Defendants assert that this matter should not be assigned to a magistrate judge for any purpose.

(4)      Whether there is a realistic possibility of settling the case:

The parties do not rule out the possibility of settlement and will engage in negotiations as appropriate throughout the litigation process.

(5)   Whether the case could benefit from the Court's Alternative Dispute Resolution (ADR) procedures (or some other form of ADR), what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients:

The parties agree that mediation would be most beneficial after the resolution of any post-discovery dispositive motions.  As indicated above, Defendants will not rule out the possibility of settlement and will fully consider any settlement offers made by the plaintiffs at any time during the litigation process

(6)      Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions and replies; and proposed dates for a decision on the motions.

It is the Plaintiff's view that the claims asserted in its complaint will not be disposed of through summary judgment or by motion to dismiss.  In defendants' view, some or all claims may be disposed of by summary judgment.  Plaintiffs proposed that motions be filed within 30 days after discovery closes.  That all oppositions be filed within 30 days thereafter, and any replies within 15 days thereafter.  The Defendants propose that motions be filed 30 days after discovery closes, that oppositions be filed 21 days thereafter and replies be filed 15 days after oppositions.

(7)    Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form, or timing of those disclosures.

Plaintiffs have provided their initial disclosures.  The parties agree that Defendants will provide initial disclosures within 30 days after the scheduling conference.

(8)    The anticipated extent to discovery, how long discovery should take, what limits should be placed on discovery (e.g., number of interrogatories, number of depositions, duration of depositions); whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The parties agree and propose that discovery be placed on Track Two as provided by the Court.  Each party reserves the right to seek leave to extend the discovery schedule if information learned in initial discovery suggests that good cause exists for additional time.  The parties propose that they be bound by the discovery limits set forth in the Federal Rules of Civil Procedure.

(9)    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R..Civ.P., should be modified, and whether and when depositions of experts should occur.

The parties agree to the Track Two discovery schedule regarding 26(a)(2) disclosures.  Each party reserves the right to seek leave to extend this time frame if the situation suggests that good cause exists for additional time.

(10)    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

This is not a consideration in the instant action.

(11)    Whether the trial and/or discovery should be bifurcated and/or managed in phases, and a specific proposal for such bifurcation.

At this point the parties do not believe that either bifurcated trial or discovery is necessary.  Defendant wishes to reserve the right to revisit the issue of bifurcation or management in phases at a later point, should a need for such management arise.

(12)    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

Parties respectfully recommend that the date for a pre-trial conference be left open at this time, pending later agreement by parties.

(13)    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The Plaintiffs recommend that a firm trial date be set after the pretrial conference. Defendants recommend that a firm trial date be set by the Court at a subsequent status or pretrial conference.

Respectfully Submitted,

_____
THE LAW OFFICES OF KHADIJAH R. ALI, P.C.
Khadijah R. Ali Bar#435367
216 G Street, NE
Washington, DC 20002
(202)548-0016


_____
Sarah L. Knapp, AAG
Civil Litigation Section
Office of the Attorney General for the
District of Columbia
441 4th Street, NW, 6th Floor
Washington, DC 20001